UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| -v- | |
| GARY ROBLES, | |
| Defendant. | |

20 Cr. 227-2 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

The Court is in receipt of a letter, dated January 21, 2026, and filed pro se by defendant Gary Robles, in which Robles (1) requests "clarity" with regard to one of the charges of which he was convicted and (2) moves for the appointment of counsel so that he may assert claims of ineffective assistance of counsel and prosecutorial misconduct. See ECF No. 90. Robles' motion is hereby denied.

First, Robles asserts that the judgment against him incorrectly states that he pleaded guilty to and was sentenced on a charge that was also dismissed. See id. at 2. Robles quotes an entry on the docket of his case that states, in relevant part, that "Count(s) 1, 1s is Dismissed"; that he "[p]leaded guilty to Count(s) 1ss"; and that he was sentenced on "Count 1" to two hundred and forty months' imprisonment. See Docket Entry, ECF No. 89. This docket entry represents, in the same shorthand form that the Clerk of Court uses for all such docket entries, that Count One of the original indictment against Robles ("Count 1") and Count One of the first superseding indictment against Robles ("Count 1s") were dismissed upon the motion

1

of the Government and that Robles pleaded guilty to Count One ("Count 1ss") of the second superseding information against him. See ECF Nos. 1 (original indictment), 38 (first superseding indictment), 61 (second superseding information).[1] The judgment against Robles correctly reflects these proceedings. It states that he pleaded guilty to Counts One, Two, and Three of the second superseding information and was sentenced on Count One of that information to two hundred forty months' imprisonment. See ECF No. 89 at 1-2. At sentencing, the counts "of the underlying indictments" were "dismissed on the motion of the United States." Id. at 1. Hence, Robles is incorrect when he claims that the entry at docket number 89 is the "opposite of what petitioner was sentenced on." ECF No. 90 at 1-2.

Second, Robles requests the appointment of counsel so that he may file a "direct appeal" or otherwise challenge his conviction. See ECF No. 90 at 3-7. Robles' letter to the Court, construed liberally, indicates that he wishes to contend, among other things, that his counsel improperly consented to the Government's decision not to turn over certain material pursuant to Giglio v. United States, 405 U.S. 150 (1972); that the Government declined to produce such material for pretextual reasons; and that his counsel failed to make the arguments that Hobbs Act robbery is not a crime of violence and that Robles' conduct did not have an effect on interstate commerce. See ECF No. 90

---

[1] Robles waived his right to be indicted on the second superseding information. ECF No. 62.

at 3-7. Without commenting on the merits of Robles' arguments, the Court declines to appoint counsel to pursue them because the time for Robles to directly appeal or otherwise challenge his conviction has long passed. As relevant to Robles' case, a defendant's notice of appeal "must be filed . . . within 14 days after the later of: the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A)(i). The Court advised Robles of his right to appeal, as well as his right to counsel on appeal, at the time of his sentencing on January 16, 2022, and the Court's written judgment against Robles was entered on January 22, 2022. See ECF No. 87 at 26.

Moreover, to the extent that Robles' intended arguments would properly be brought in a petition for a writ of habeas corpus rather than on direct appeal, the time for Robles to file such a petition has also expired. "A 1-year period of limitation shall apply to a motion" by a federal prisoner for a writ of habeas corpus, running from, as relevant here, "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). In Robles' case, more than four years have elapsed since his judgment became final, and his letter to the Court, construed liberally, does not suggest that any other limitations period could possibly apply. See id. § 2255(f)(2)-(4).

Robles refers in passing to the United States Supreme Court's recent decision in Bowe v. United States, 607 U.S. --- (Jan. 9, 2026). See ECF No. 90 at 1. That decision, however, does not change the Court's analysis because it concerned second or successive petitions

3

for a writ of habeas corpus. Here, Robles had not filed a single such petition, and the time for him to do so has plainly expired.

Accordingly, because Robles may not directly appeal or otherwise challenge his conviction, the Court denies his motion for appointment of counsel.

SO ORDERED.

New York, NY
February 6, 2026

_____
JED S. RAKOFF, U.S.D.J.

4